Markman, J.
(dissenting). For the reasons set forth in my statement in In re Certified Questions (Melson v Prime Insurance Syndicate, Inc), 472 Mich 1225 (2005) — in particular out of a sense of comity with the certifying court and in order to maintain the integrity of Michigan law — -I would hold hearings and promptly answer the certified question submitted by the Ninth Circuit Court of Appeals. By choosing not to do so, this Court defaults on its responsibility to exercise its judicial powers in support of Michigan’s sovereignty within our Constitution’s system of federalism.
Having already deterred the Sixth Circuit Court of Appeals from seeking the guidance of this Court concerning the meaning of Michigan law — guidance routinely offered by nearly every other supreme court in the Union — it is apparently now this Court’s determination to deter all other federal courts in a similar fashion.
The confusion of one of my colleagues is reflected in a concurring statement that seems to chastise the Ninth Circuit for its impositions upon this Court in certifying a question. Instead of recognizing that the Ninth Circuit has sought to accord respect to the complementary roles of the federal and state judiciaries within our constitutional system, and to defer to this state in its understanding of its own laws, the concurring justice is troubled that the Ninth Circuit would seek “gratuitous advice” from this Court, rather than just plowing ahead with its own interpretation of Michigan law and ignoring the judicial process established by the people of this state for giving meaning to their laws.